UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

UNITED STATES OF AMERICA            CRIMINAL NO. 6:09-cr-00294

VERSUS                              JUDGE DOHERTY

RICHARD MONTALBANO                  MAGISTRATE JUDGE HANNA


## REPORT AND RECOMMENDATION


Currently before this Court is the defendant's motion (Rec. Doc. 35), which seeks an order permitting him to remain on release pending appeal as well as a stay pending appeal of that part of his sentence requiring that he pay a fine.  The motion is opposed.  (Rec. Doc. 41).  The motion was referred to the undersigned with instructions to rule on those portions of the motion on which he can rule and for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court with respect to all other portions of the motion.  (Rec. Doc. 36).[1] Oral argument was held on February 16, 2011, with William L. Goode present in court representing the defendant and Myers P. Namie present in court representing the government.   For the reasons set forth below, it is recommended that the motion be granted in part and denied in part.

---

[1]        Per the holding in *United States v. Snyder*, 946 F.2d 1125 (5th Cir. 1991), and the language of Fed. R. Crim. P. 38 (c), the undersigned will not rule on any portion of the motion.

## BACKGROUND INFORMATION

On November 16, 2009, chiropractor Richard Montalbano was charged with three counts of Health Care Fraud in violation of 18 U.S.C. § 1347.  (Rec. Doc. 3). On January 26, 2010, he pleaded guilty to all three counts.  (Rec. Doc. 11).  A Presentence Investigation Report was completed, which noted that each count of the indictment has a maximum statutory penalty of ten years incarceration and a $250,000 fine.[2]  The Presentence Investigation Report also sets forth the advisory Sentencing Guidelines range as six to twelve months per count.[3]  On September 30, 2010, Montalbano was sentenced to twelve months incarceration per count to run consecutively, for a total of thirty-six months of incarceration.  (Rec. Doc. 27 at 24). He was also sentenced to serve a term of three years supervised release to run concurrently following his incarceration, and the District Court ordered that he comply with certain additional conditions listed at the sentencing hearing.  (Rec. Doc. 27 at 26).   Montalbano was also ordered to make restitution in the amount of $22,051.24, an amount that was stipulated by the parties (Rec. Doc. 27 at 8) and accepted by the Court (Rec. Doc. 27 at 18).  He was also sentenced to pay a fine in the total amount of $115,229.24 (Rec. Doc. 27 at 30) and to pay a special assessment

---

[2]     Presentence Investigation Report at 1.

[3]     Presentence Investigation Report at 15.

of $300 (Rec. Doc. 27 at 30).  At the time of sentencing, the special assessment had already been paid, as had the restitution.  (Rec. Doc. 27 at 9).

Montalbano contemporaneously objected to the sentence "as being clearly excessive and contrary to the law and the facts in this case."  (Rec. Doc. 27 at 34.)  The undersigned finds that this is an objection to the reasonableness of the sentence.

Montalbano was originally scheduled to report to the Bureau of Prisons on November 3, 2010 (Rec. Doc. 27 at 33), but his report date was extended until March 9, 2011 (Rec. Doc. 40).

## ANALYSIS

### I.   PAYMENT OF THE FINE SHOULD BE STAYED.

Rule 38(c) of the Federal Rules of Criminal Procedure governs a motion for stay of a sentence requiring the payment of a fine.  It states:

> If the defendant appeals, the district court, or the court of appeals under Federal Rule of Appellate Procedure 8, may stay a sentence to pay a fine or a fine and costs. The court may stay the sentence on any terms considered appropriate and may require the defendant to:
> (1)   deposit all or part of the fine and costs into the district court's registry pending appeal;
> (2)   post a bond to pay the fine and costs; or
> (3)   submit to an examination concerning the defendant's assets and, if appropriate, order

the defendant to refrain from dissipating assets.

The plain language of the statute makes it clear that a District Court has broad discretion to determine whether the payment of a fine should be stayed pending appeal.  Montalbano did not explicitly object to the reasonableness of the fine at the sentencing hearing and, in his briefing, he devoted only a couple of sentences in his reply brief to the argument that the District Court miscalculated the fine.  (Rec. Doc. 42 at 19).  He also briefly addressed this issue at oral argument.

The undersigned finds that the fine imposed by the District Court is not unreasonable.  The fine imposed by the District Court has three components:  an amount correlated to the defendant's offense level, an amount based on the expected cost to the government to imprison the defendant, and an amount based on the expected cost to the government of the defendant's period of supervised release.[4] These elements are permissible factors in calculating a fine.

Section 5E1.2(a) of the Sentencing Guidelines states that a fine shall be imposed in all cases unless the defendant establishes that he is unable to pay.  Based on the defendant's offense level, the District Court found that the statute under which Maldonado was convicted permits a fine of up to $250,000 per count, while the

---

[4]    Rec. Doc. 27 at 30.

Sentencing Guidelines permit a fine of up to $20,000 per count.[5]  The District Court

chose to impose a total of $22,051.24 in this part of the fine, which is an amount

equal to the stipulated amount of the defendant's fraud and an amount less than the

$20,000 per count that could have been assessed for this part of the fine.

Section 5E1.2(d) of the Sentencing Guidelines states that, in determining the

amount of the fine to be imposed, the court shall consider the cost to the government

of the defendant's imprisonment and supervised release.  The District Court used

information from the Administrative Office of the United States Courts to calculate

the anticipated cost of Montalbano's imprisonment and supervised release,

$81,753.48 and $11,423.52, respectfully.[6]

Thus, the undersigned finds that the District Court properly calculated the

amount of the fine and imposed a fine that was reasonable under the circumstances.

Montalbano pleaded guilty to all three counts with which he was charged.  His

appeal does not seek to overturn his conviction.  Instead, he is only seeking to have

his sentence reduced.  Beyond this, Montalbano has not offered a valid reason why

the payment of the fine should be delayed. There is no dispute concerning whether

Montalbano has the resources to pay the fine.  He conceded that he "does have the

---

[5]        Rec. Doc. 27 at 30.  See, also Section 5E1.2(c) of the Sentencing Guidelines.

[6]        Rec. Doc. 27 at 30.

assets to pay the fine and will most certainly do so if and when... called upon to do so."[7]

Although the undersigned finds that there is no reason for delay, Montalbano has already initiated an appeal and there is always a possibility that the appellate court might alter the sentence imposed by the District Court, which could conceivably alter the fine as part of the amount of the fine is tied to the cost to the government for incarceration and supervised release of the defendant.  Fed. R. Crim. P. 38(c)(1) provides that, if the defendant appeals, the court may require the defendant to deposit all or part of the fine into the registry of the court pending appeal.  At oral argument, the undersigned ascertained that neither Montalbano nor the government objects to such a procedure being employed in this case. Consequently, the undersigned recommends that Montalbano's motion to stay the portion of his sentence requiring that he pay a fine be granted subject to the condition that the amount of the fine be deposited into the registry of the court pending appeal, in accordance with Rule 38(c)(1).

---

[7]        Rec. Doc. 35-1 at 31.

## II.    MONTALBANO SHOULD NOT BE RELEASED  PENDING APPEAL.

The applicable provisions of the Bail Reform Act governing release pending appeal are found at 18 U.S.C. § 3143(b)(1), which  mandates detention pending appeal unless certain specific criteria are satisfied.  The statute provides in pertinent part that the defendant in this situation shall be detained unless the judicial officer finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released... ***and***
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
> (I) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.[8]

The United States concedes that Montalbano is not a flight risk and further concedes that there is no evidence that he would pose a danger if released.[9]  Since the appeal process is already underway, Montalbano having filed a notice of appeal in October 2010, the United States also concedes that the appeal was not initiated for the purpose of delay.[10]  Montalbano pleaded guilty to all three counts with which he was

---

[8]       18 U.S.C. § 3143(b).

[9]       Rec. Doc. 41 at 3.

[10]      Rec. Doc. 41 at 3.

charged and his appeal does not seek reversal of his conviction or a new trial. Montalbano has been on pre-trial release the entire time before his plea was entered and has not been detained since. Therefore, the sole issue to be resolved is whether Montalbano's appeal raises a substantial question of law or fact likely to result in a sentence that would not include imprisonment or a sentence shorter than the time it would take for his appeal to be completed.

In this context, the word "likely" means "more probable than not,"[11] and a substantial question is "a question that is either novel, which has not been decided by controlling precedent, or which is fairly doubtful."[12]  It is a question in which "the issue presented must raise a substantial doubt (not merely a fair doubt) as to the outcome of its resolution."[13]  Montalbano and the United States agree[14] that whether Montalbano is entitled to release pending appeal hinges upon whether his appeal will raise a substantial issue of law or fact likely to result in a shorter sentence.

Montalbano argues that there are two reasons why his sentence should be reduced.  First, he argues that the District Court's sentence was an upward departure

---

[11]    *United States v. Valera-Elizondo*, 761 F.2d 1020, 1025 (5th Cir. 1985).

[12]    *United States v. Valera-Elizondo*, 761 F.2d at 1025.

[13]    *United States v. Valera-Elizondo*, 761 F.2d at 1024.

[14]    Rec. Doc. 35-1 at 4, Rec. Doc. 41 at 3-4.

from the Guidelines requiring advance notice under Fed. Rule Crim.P. 32(h).  Second,

he argues that the sentence is unreasonably long.  The undersigned finds that both of

these arguments lack merit.


## A.    THE NOTICE REQUIREMENT OF RULE 32(H) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE WAS NOT VIOLATED.

Fed. Rule Crim. P.32(h) states:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure.  The notice must specify any ground on which the court is contemplating a departure.

Montalbano contends that the consecutive sentences imposed by the District

Court were an upward departure from the advisory range calculated under the

Sentencing Guidelines and, for that reason, required advance notice to the defendant.

Montalbano did not object contemporaneously object to the alleged lack of notice.

Consequently, the standard of review on appeal with regard to the notice issue will

be for plain error only.[15]  Plain error is (1) error that is (2) clear or obvious and (3)

---

[15]    *United States v. Jones*, 444 F.3d 430, 443 (5th Cir. 2006).

-9-

affects the defendant's substantial rights.[16]  Even when all three of the conditions are met, however, the reviewing court will reverse only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.[17]

Because the undersigned finds, as will be discussed below, that the sentence imposed by the District Court falls within the advisory range of the Sentencing Guidelines and was not an upward departure from the guidelines, the undersigned further finds (1) that the District Court had no duty to notify Montalbano of its intended sentence and (2) Rule 32(h) was not violated in this case.

Accordingly, the undersigned finds that Montalbano's argument concerning the notice provision of Rule 32(h) does not raise a substantial issue of law or fact likely to result in a shorter sentence.  Consequently, it cannot support a motion for release pending appeal.

## B.   THE SENTENCE IMPOSED BY THE DISTRICT COURT IS WITHIN THE GUIDELINES AND IS PRESUMPTIVELY REASONABLE.

Montalbano argues that the sentence imposed by the District Court was unreasonable.  More particularly, he argues that the District Court imposed a non-

---

[16]    *United States v. McCann*, 613 F.3d 486, 502 (5th Cir. 2010).

[17]    *United States v. McCann*, 613 F.3d at 502.

-10-

Guidelines sentence when it sentenced him to consecutive terms of imprisonment with regard to each of the three counts to which he pleaded guilty.  Montalbano further argues that the Guidelines were not properly calculated or applied, resulting in a sentence beyond the parameters of the Sentencing Guidelines.  The standard of review that is applied by an appellate court reviewing a sentence for reasonableness is an abuse of discretion standard.[18]  This standard applies regardless of whether the sentence imposed is inside or outside the Guidelines range.[19]

In determining whether a sentence is reasonable, an appellate court "must first ensure that the District Court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range."[20]  When a sentence is imposed as a result of an incorrect application of the Sentencing Guidelines, it must be vacated.[21]  If it is determined that the sentence is procedurally sound, the appellate court then considers the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.[22]  If a sentence falls within

---

[18]     *United States v. Reinhart*, 442 F.3d 857, 862 (5th Cir. 2006).

[19]     *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

[20]     *United States v. Cisneros-Gutierrez*, 517 F.3d at 764, quoting *Gall v. United States*, 552 U.S. 38, 51 (2007).

[21]     *United States v. Tzep-Majia*, 461 F.3d 522, 526 (5th Cir. 2006); *United States v. Duhon*, 440 F.3d 711, 716 (5th Cir. 2006) (reversed on other grounds).

[22]     *United States v. Cisneros-Gutierrez*, 517 F.3d at 764.

the parameters of the Sentencing Guidelines, it is a "Guideline Sentence," which is entitled to a presumption of reasonableness.[23]

The Guidelines are no longer mandatory but are merely advisory.[24]  Still, the starting point for the reasonableness analysis is a review of the statutory maximum sentence and the calculation of an advisory Guidelines range.

Montalbano contends that the District Court erred in  believing that each of the three counts with which he was charged separately produced advisory ranges of six to twelve months of imprisonment per count.  Montalbano argues that the Guidelines sentencing range for the three counts combined was a single six to twelve months of imprisonment.[25]  Review of the Presentence Investigation Report and the transcript of the sentencing hearing reveals, however, that the District Court did not err in calculating Montalbano's advisory sentence or his actual sentence.

Montalbano was charged with three counts of Health Care Fraud under 18 U.S.C. § 1347.  That statute imposes a maximum penalty of ten years imprisonment and permits a fine to be levied in lieu of or in addition to imprisonment.  As explained

---

[23]    *United States v. Ronquillo*, 508 F.3d 744, 750 n. 6 (5th Cir. 2007), citing *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

[24]    *United States v. Booker*, 543 U.S. 220, 259 (2005).  See, also, *United States v. Mares*, 402 F.3d 511, 518 (5th Cir. 2005).

[25]    Rec. Doc. 42 at 13.

-12-

by the District Court at the sentencing hearing, "The statutory range as to Counts 1, 2, and 3 is not more than 10 years per count, which is a total of 30 years.  Probation would be applicable under the statute, which would be a 1 to 5 years per count. Restitution is mandatory under the statute."[26]  This information was also set forth in the Presentence Investigation Report, which states that "[p]ursuant to 18 USC §1347, the maximum term of imprisonment is 10 years, per count."[27]

The Presentence Investigation Report includes an offense level computation, based on the Sentencing Guidelines, which explains that the base offense level for violation of this statute is 6, and that four levels were added because of the amount of the monetary losses attributable to Montalbano's admitted misconduct, for a total offense level of 10.[28]  Montalbano has no juvenile or adult criminal history, establishing a Criminal History Category of I.[29]  This was reiterated at the sentencing hearing, when the District Court explained that "defendant's total offense level is 10, his criminal history category is I."[30]

---

[26]     Rec. Doc. 27 at 8.

[27]     Presentence Investigative Report at 14.

[28]     Presentence Investigative Report at 7-8.

[29]     Presentence Investigative Report at 8.

[30]     Rec. Doc. 27 at 8.

The Presentence Investigation Report also explains the advisory sentence, as calculated under the Sentencing Guidelines.  "Based on a total offense level of 10 and a Criminal History Category of I, the guideline imprisonment range is from 6 to 12 months, **per count**."[31]  There were no contemporaneous objections made by either party to the Guidelines computation.

When a defendant is charged in a multiple count indictment, as Montalbano was, the District Court is required, after determining the maximum statutory penalty and the advisory sentencing range according to the Guidelines, to confect an actual sentence in accordance with Section 5G1.2 of the Sentencing Guidelines.  In deciding upon the actual sentence, the District Court should be guided by the principle that "in multiple-count sentences, to the extent possible without exceeding statutory maximum or minimums, the sentence on each count shall be equal to the total punishment."[32]  According to the official comments to Section 5G1.2 of the Sentencing Guidelines, the "total punishment" is the combined length of an individual's sentences[33] or the maximum total sentence recommended under the

---

[31]    Presentence Investigative Report at 15 [emphasis added].

[32]    *United States v. Leonard*, 61 F.3d 1181, 1186 (5th Cir. 1995), citing *United States v. Porter*, 909 F.2d 789, 792 n. 3 (4th Cir. 1990).

[33]    *See, e.g., United States v. Hollins*, 97 Fed. App'x 477, 478 n. 1 (5th Cir. 2004); *United States v. Kings*, 981 F.2d 790, 797 (5th Cir. 1993).  See, also, USSG § 5G1.2(b), comment.

Guidelines,[34] and is calculated by reference to the defendant's combined base offense level correlated with his appropriate criminal history category.[35]  The comment explains that "The **combined** length of the sentences ('total punishment') is determined by the court **after** determining the adjusted combined offense level and the Criminal History Category."[36]  (Emphasis added)  In this case, the Presentence Investigation Report determined the adjusted combined offense level and Criminal History Category, and stated that "the guideline imprisonment range is from 6 to 12 months, per count."[37]  Therefore, the "total punishment" is the combined length of these sentences or a total guidelines range of twelve to thirty-six months.  The same statutory comment reiterates this concept, explaining that the "total punishment" is applicable to each count charged, reading as follows:  "[T]he total punishment is to be imposed *on each count*...."

After the "total punishment" is determined, it is necessary to examine Section 5G1.2 of the Sentencing Guidelines to determine whether concurrent or consecutive sentences should be imposed with regard to the multiple counts charged.

---

[34]     *United States v. Maese-Alarcon*, 170 Fed. App'x 356, 357 (5th Cir. 2006).

[35]     *United States v. Saldana*, 427 F.3d 298, 309 n. 41 (5th Cir. 2005).

[36]     Section 5G1.2 of the Sentencing Guidelines, commentary, application note 1.

[37]     Presentence Investigation Report at 15.

Under  Section 5G1.2(c) of the Guidelines,

> [i]f the sentence imposed on the count carrying the highest
> statutory maximum is adequate to achieve the total
> punishment, then the sentences on all counts shall run
> concurrently, except to the extent otherwise required by
> law.

In this case, however, the statutory maximum for each count is the same, ten years,

and the highest advisory sentence on any of the three counts is twelve months, which

is less than the "total punishment" amount of thirty-six months.  Therefore, Section

5G1.2(c) is not applicable.

Turning then to Section 5G1.2(d),

> [i]f the sentence imposed on the count carrying the highest
> statutory maximum is less than the total punishment, then
> the sentence imposed on one or more of the other counts
> ***shall run consecutively***, but only to the extent necessary to
> produce a combined sentence equal to the total
> punishment.  In all other respects, sentences on all counts
> shall run concurrently, except to the extent otherwise
> required by law.[38]

The comment to this statute provides clarification, reading as follows:

> Usually, at least one of the counts will have a statutory
> maximum adequate to permit imposition of the total
> punishment as the sentence on that count.  The sentence on
> each of the other counts will then be set at the lesser of the
> total punishment and the applicable statutory maximum,
> and be made to run concurrently with all or part of the

---

[38]     Emphasis added.

> longest sentence.  If no count carries an adequate statutory maximum, consecutive sentences are to be imposed to the extent necessary to achieve the total punishment.

Thus, in this case, the District Court could have imposed a thirty-six month sentence on the first count and a lesser term of imprisonment on the other two counts, or the District Court and ordered them to run concurrently.

However, when the District Court imposed a sentence on the first count that was less than the "total punishment" amount of thirty-six months, Section 5G1.2(d) then required the District Court to impose consecutive sentences so that, when the sentences imposed on each count (twelve months for each count) are added together, the overall sentence (thirty-six months) equals the "total punishment" (which is also thirty-six months).

Having compared the foregoing analysis with the sentence imposed by the District Court in this case, the undersigned finds that the District Court properly applied the Sentencing Guidelines and properly calculated both the advisory range and the actual sentence.  The undersigned further finds that the actual sentence imposed by the District Court is a sentence that falls within the Guidelines. Consequently, the undersigned further finds that the sentence imposed by the District Court is entitled to a presumption of reasonableness.

Montalbano contends that the District Court erred in failing to recognize that the Presentence Investigation Report "correctly 'grouped' Montalbano's three offenses into a single calculation, by combining their monetary harm."[39]  But "grouping" does not preclude the imposition of consecutive sentences.

The rules regarding grouping and consecutive sentences apply in different phases of the sentencing process.[40]  The grouping rules apply to the calculation of an "offense level" based on relevant conduct, while "[t]he choice between concurrent and consecutive sentences arises later, when the court imposes a specific sentence."[41]  Therefore, the grouping of offenses and the imposition of consecutive sentences "are separate concepts relevant in different stages of the sentencing process.  Moreover, they are not mutually exclusive; that is, as a purely logical matter, there is no obstacle to stacking a defendant's sentences for grouped offenses.  Neither does any language in the grouping rules or § 5G1.2 prohibit consecutive sentences for grouped offenses."[42]  Therefore, even though the Presentence Investigation Report prepared in this case refers to the total amount of loss attributable to the defendant for the fraud

---

[39]     Rec. Doc. 42 at 13.

[40]     *United States v. Chase*, 296 F.3d 247, 250 (4th Cir. 2002).

[41]     *United States v. Chase*, 296 F.3d at 250.

[42]     *United States v. Chase*, 296 F.3d at 251.

-18-

he admitted under all three counts of the indictment as the single figure of $22,051.24, and this total amount was used as the basis for adding four levels to the base offense level in order to calculate the total offense level, that calculation had nothing to do with whether consecutive sentences could be imposed with regard to each of the three counts to which Montalbano pleaded guilty.

In finding that the consecutive sentences imposed by the District Court were properly calculated in light of the maximum statutory sentences for the crimes charged and also in light of the principles set forth in the Sentencing Guidelines, the undersigned was guided by the relevant jurisprudence.  In *United States v. Iniquez*,[43] for example, the court examined the meaning of the term "total punishment" and concluded, as the undersigned has in this case, "that 'total punishment' under § 5G1.2(d) is the sentence the district court chooses from the appropriate sentencing range, whether that be the minimum sentence in the range, the maximum sentence in the range, or something in between."[44]  With regard to Montalbano, the sentencing range, as set forth in the Presentence Investigation Report was six to twelve months per count for each of the three counts charged, and the District Court selected thirty-six months as the "total punishment."  According to *Iniguez*, this was appropriate.

---

[43]        368 F.3d 1113 (9th Cir. 2004) (*en banc*).

[44]        *United States v. Iniguez*, 368 F.3d at 1116.

The *Iniguez* court conducted a review of the relevant jurisprudence from courts across the country and found that its definition of the term "total punishment" accords with those of the First, Second, Third, Fourth, Fifth, Seventh, Eighth, and Tenth Circuits.[45]

In *United States v. Saleh*,[46] the maximum statutory sentence for each count with which the defendant was charged was 24 months and the advisory Guideline sentence range was 46 to 57 months. The appellate court found that the district court should have sentenced the defendant to 24 months on the first count and to a consecutive sentence of 22 months on the second count to arrive at a minimum Guidelines sentence of 46 months.

Applying the logic of that case in this one, the District Court properly sentenced Montalbano to three consecutive twelve month sentences to reach a total sentence equalling the maximum sentence recommended under the guidelines of 36 months.

---

[45]     *United States v. Iniguez*, 368 F.3d at 1117. See, also, *United States v. Maese-Alarcon*, 170 Fed. App'x at 357; *United States v. Hollins*, 97 Fed. App'x at 478 n. 1; *United States v. Kings*, 981 F.2d at 797-98.

[46]     257 Fed. App'x 740 (5th Cir. 2007).

In summary, the undersigned finds that the District Court properly calculated Montalbano's sentence in accord with the Sentencing Guidelines and further finds that the sentence imposed falls within the Guidelines.

Montalbano next suggests that the sentence imposed in this case should be compared with sentences imposed in a variety of other cases in order to determine whether Montalbano's sentence was reasonable.  Such comparisons are rarely very useful.[47]  Too many of the other cases cited by Montalbano are not health fraud cases, and too little is known about the facts, the defendants, the content of the presentence reports, the calculation of the advisory sentencing ranges, and other factors relevant to the sentences imposed in those other cases to make such a comparison feasible or meaningful.

The undersigned notes that, in sentencing Montalbano, the District Court meticulously considered each of "the concerns, policy, and factors reflected in 18 U.S.C. § 3553(a)" and found "no reason to deviate from the sentence called for by application of the Guidelines...."[48]  The undersigned finds that the District Court's comments at the sentencing hearing reflect adequate consideration of all relevant factors, including but not limited to Montalbano's age and health.  "A defendant's

---

[47]     See, e.g., *United States v. Newsom*, 428 F.3d 685, 689 (7th Cir. 2005).

[48]     Rec. Doc. 27 at 24.

-21-

disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence."[49] Accordingly, the undersigned finds that Montalbano has presented no valid basis for rebutting the presumption of reasonableness to which the District Court's sentence is entitled or for demonstrating that the District Court abused its discretion in imposing the sentence. Therefore, the undersigned finds that Montalbano's appeal does not raise a substantial question of law or fact likely to result in a sentence not including imprisonment or a sentence shorter than the time it would take for his appeal.

## C.   EVEN IF THE DISTRICT COURT DID NOT PROPERLY CALCULATE THE SENTENCE UNDER THE GUIDELINES, THE SENTENCE IS REASONABLE.

Even if the foregoing analysis were incorrect, and it were ultimately determined that the District Court should have imposed concurrent sentences under Section 5G1.2(c) rather than consecutive sentences under Section 5G1.2(d), the undersigned finds that the sentence imposed by the District Court was reasonable. The Sentencing Guidelines are no longer mandatory, they are only advisory. A sentence that deviates from the Sentencing Guidelines is not unreasonable if the District Court explains the

---

[49]       *United States v. Domingue*, 2010 WL 4746254, 2 (5th Cir. 2010), citing *United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008).

basis for the sentence in accordance with 18 U.S.C. § 3553(a).  "After it considers the factors listed under 18 U.S.C. § 3553(a), a district court has discretion under 18 U.S.C. § 3584 to depart upwardly by running sentences consecutively, even when U.S.S.G. § 5G1.2 would otherwise mandate that the sentences run concurrently."[50]

At the sentencing hearing in this case, the District Court reviewed each of the factors listed in Section 3553(a) and explained how those factors affected the District Court's sentencing decision and the justification for that decision.[51]  Montalbano has not presented evidence demonstrating that the District Court's comments regarding the relevant factors were insufficient or demonstrating that the District Court's sentence calculation was unreasonable.  Therefore, the undersigned finds that the sentence imposed by the District Court was reasonable.

**D.**     **THERE IS NO SUBSTANTIAL QUESTION OF LAW OR FACT SUFFICIENT TO REQUIRE REVERSAL OF THE SENTENCE.**

Finally, as noted previously, release could be granted if Montalbano can demonstrate that there is a substantial question of law or fact likely to result in a sentence that does not include imprisonment or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration

---

[50]     *United States v. Saldana*, 427 F.3d 298, 309 n. 41 (5th Cir. 2005).

[51]     Rec. Doc 27 at 14-20, 23, 30–31.

-23-

of the appeal process.  The undersigned finds that it is not more probable than not that the appellate court will reverse or remand this matter for entry of a sentence of no imprisonment or for imprisonment for a term that would be completed before Montalbano's appeal is completed.

Should the appellate court determine that Montalbano should have been sentenced differently, his sentence will likely be no less than the six to twelve month sentence imposed by the District Court for each count, but with those sentences running concurrently as the District Court made clear that even if she had calculated the guidelines incorrectly, she felt the 36 month sentence imposed was warranted in consideration of the factors of 18 U.S.C. §3553(a).[52]  Montalbano has not yet been detained but he has already initiated his appeal.  He presented evidence that his appeal may take approximately one year to complete.  Therefore, it is not likely that he will not be sentenced to a prison term and it is not likely that his term of incarceration will be completed before his appeal has concluded.  Accordingly, the undersigned finds that Montalbano has not presented a valid basis for release pending appeal.

---

[52]     Rec. Doc. 27 at 31.

## CONCLUSION

For the foregoing reasons, the undersigned recommends that the defendant's motion (Rec. Doc. 35) be granted in part and denied in part.  More particularly, the undersigned recommends that the part of the motion seeking release from incarceration pending appeal be DENIED and recommends that the part of the motion seeking a stay of the part of the sentence requiring payment of a fine be GRANTED on the condition that the amount of the fine be deposited into the registry of the court pending appeal.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b) of the Federal Rules of Civil Procedure, parties aggrieved by this recommendation have fourteen days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after receipt of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of receipt, or within the time frame authorized by Fed. R. Civ. P. 6(b) shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds

of plan error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415

(5th Cir. 1996).

Signed at Lafayette, Louisiana, this 17th day of February, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)