**RECEIVED**

MAR 1 8 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

UNITED STATES OF AMERICA

VERSUS

RICHARD MONTALBANO

CRIMINAL NO. 09-00294

JUDGE DOHERTY

MAGISTRATE JUDGE HILL

## MEMORANDUM RULING

Pending before the Court is the Report and Recommendation of the magistrate judge, recommending that the defendant's "Motion for Bail Pending Appeal Pursuant to 18 U.S.C. §3143(b) and for Stay of Sentence to Pay Fine Pursuant to Fed. Rules of Cr. Proc. 38(C)" be GRANTED IN PART AND DENIED IN PART. For the following reasons, this Court AFFIRMS and ADOPTS the recommendation of the magistrate judge, with the following clarifications.

## I.     Factual and Procedural History

On November 16, 2009, chiropractor Richard Montalbano was charged with three counts of Health Care Fraud in violation of 18 U.S.C. §1347. (Rec. Doc. 3). On January 26, 2010, he pleaded guilty to all three counts. (Rec. Doc. 11). A Presentence Investigation Report ("PSR") was completed, which noted that each count of the indictment has a maximum statutory penalty of ten years' incarceration and a $250,000.00 fine.[1] The PSR also sets forth the advisory Sentencing Guidelines range as six to twelve months per count.[2] On September 30, 2010, Mr. Montalbano was sentenced to twelve months' incarceration, per count, to run consecutively, for a total of thirty-six

---

[1] PSR at p.1.

[2] *Id.* at 15.

months of incarceration. (Rec. Doc. 27 at 24). He was also sentenced to serve a term of three years' supervised release on each count, to run concurrently, following his incarceration, and this Court ordered that he comply with certain additional conditions listed at the sentencing hearing. (Rec. Doc. 27 at 26). Mr. Montalbano was also ordered to make restitution in the amount of $22,051.24, an amount that was stipulated by the parties (Rec. Doc. 27 at 8) and accepted by the Court (Rec. Doc. 27 at 18), and he was also sentenced to pay a fine in the total amount of $115,229.24 (Rec. Doc. 27 at 30) and to pay a special assessment of $300.00 (Rec. Doc. 27 at 30). At the time of sentencing, the special assessment had already been paid, as had the restitution. (Rec. Doc. 27 at 9).

At the sentencing hearing, Mr. Montalbano contemporaneously objected to the sentence "as being clearly excessive and contrary to the law and the facts in this case." (Rec. Doc. 27 at 34.) Mr. Montalbano was originally scheduled to report to the Bureau of Prisons on November 3, 2010 (Rec. Doc. 27 at 33), however, to accommodate Mr. Montalbano in bringing the instant motion, to allow all parties to be heard on the issues presented, and in order for this Court to adequately consider the arguments of counsel, Mr. Montalbano's report date has been extended on at least two occasions to April 6, 2011.

## II.   The Magistrate judge's Report and Recommendation

In his Report, the magistrate judge concluded the fine imposed by this Court is not unreasonable. Nevertheless, recognizing Mr. Montalbano's sentence could, conceivably, be vacated on appeal, the magistrate judge recommends Mr. Montalbano's motion to stay that portion of his sentence requiring him to pay a fine be granted, subject to the condition that the amount of the fine be deposited into the registry of the Court pending appeal, in accordance with Rule 38(c) of the

Federal Rules of Criminal Procedure.[3]   Mr. Montalbano does not object to that portion of the magistrate's judge's Report.  Considering the foregoing, the foregoing portion of the magistrate judge's ruling is AFFIRMED, and the corresponding portion of Mr. Montalbano's motion is GRANTED.  IT IS ORDERED that Mr. Montalbano shall pay the fine in the total amount of $115,229.24, such amount to be deposited into the registry of the Court immediately if it has not already been deposited.[4]

The magistrate judge also recommended that Mr. Montalbano should not be released pending appeal.  Mr. Montalbano objects to that portion of the magistrate judge's recommendation, arguing he should be granted bail pending appeal on grounds (1) his sentence was an upward departure from the Guidelines requiring advance notice under Rule 32(h) of the Federal Rules of Criminal Procedure; and (2) his sentence is unreasonably long.

## III.    Law and Analysis

The applicable provisions of the Bail Reform Act governing release pending appeal are found at 18 U.S.C. § 3143(b)(1), which *mandates* detention pending appeal unless certain specific criteria are satisfied.  The statute provides in pertinent part that the defendant in this situation shall be

---

[3] If the defendant appeals, the district court, or the court of appeals under Federal Rule of Appellate Procedure 8, may stay a sentence to pay a fine or a fine and costs. The court may stay the sentence on any terms considered appropriate and may require the defendant to:

| | |
|---|---|
| (1) | deposit all or part of the fine and costs into the district court's registry pending appeal; |
| (2) | post a bond to pay the fine and costs; or |
| (3) | submit to an examination concerning the defendant's assets and, if appropriate, order the defendant to refrain from dissipating assets. |

Fed. R. Crim. P. 38(c)(1)-(3).

[4] At this time, this Court notes the amount of the fine shall be deposited into the Clerk of Court's Treasury Registry, which is a non-interest bearing account.  Should the defendant believe the fine should be deposited into an interest-bearing account, he shall brief the issue within ten (10) days of the date of this Ruling, and the Court will consider his arguments.

detained unless the judicial officer finds:

> (A)  by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released... *and*
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in–
>
> > (i) reversal,
> > (ii) an order for a new trial,
> > (iii) a sentence that does not include a term of imprisonment, or
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.[5]

In his Report, the magistrate judge states:

> The United States concedes that Montalbano is not a flight risk and further concedes that there is no evidence that he would pose a danger if released.[6] Since the appeal process is already underway, Montalbano having filed a notice of appeal in October 2010, the United States also concedes that the appeal was not initiated for the purpose of delay.[7] Montalbano pleaded guilty to all three counts with which he was charged and his appeal does not seek reversal of his conviction or a new trial. Montalbano has been on pre-trial release the entire time before his plea was entered and has not been detained since. ***Therefore, the sole issue to be resolved is whether Montalbano's appeal raises a substantial question of law or fact likely to result in a sentence that would not include imprisonment or a sentence shorter than the time it would take for his appeal to be completed.***

[Doc. 45, p. 8.]

Mr. Montalbano and the United States agree that whether Mr. Montalbano is entitled to release pending appeal hinges upon whether his appeal will raise a substantial issue of law or fact likely to result in a shorter sentence.  In this vein, Mr. Montalbano argues there are two reasons why his sentence should be reduced: (1) his sentence was an upward departure from the Guidelines

---

[5] 18 U.S.C. §3143(b).

[6] PSR at p. 3.

[7] *Id.* at p. 3.

requiring advance notice under Rule 32(h); and (2) his sentence is unreasonably long. The magistrate judge concluded both arguments lack merit, and Mr. Montalbano objects.

Rule 32(h) of the Federal Rules of Criminal Procedure states:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

Mr. Montalbano contends the consecutive sentences imposed were an upward departure from the guidelines range and, for that reason, required advance notice to the defendant. Because Mr. Montalbano did not contemporaneously object to the alleged lack of notice, the standard of review on appeal with regard to the notice issue will be for plain error only. *United States v. Jones*, 444 F.3d 430, 443 (5th Cir. 2006). Plain error is (1) error that is (2) clear or obvious and (3) affects the defendant's substantial rights. *United States v. McCann*, 613 F.3d 486, 502 (5th Cir. 2010). Even when all three of the conditions are met, however, the reviewing court will reverse only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *McCann*, 613 F.3d at 502.

In the instant case, the magistrate judge concluded the sentence imposed by this Court fell within the guidelines range and was not, therefore, an upward departure from the guidelines. Therefore, the magistrate judge concluded this Court had no duty to notify Mr. Montalbano of its intended sentence and Rule 32(h) was not violated in this case. This Court agrees.

Mr. Montalbano was charged with three counts of Health Care Fraud under 18 U.S.C. §1347. The foregoing statute imposes a maximum penalty of ten years' imprisonment *on each count* and permits a fine to be levied in lieu of or in addition to imprisonment. That information was contained

in the PSR, along with the advisory ranges for each count under the Sentencing Guidelines, which are six to twelve months *per count*. Mr. Montalbano contends this Court erred in believing each of the three counts with which he was charged separately produced advisory ranges of six to twelve months of imprisonment per count. Rather, Mr. Montalbano argues the guidelines range for the three counts *combined* was a single range of six to twelve months of imprisonment.[8]

As an initial matter, this Court addresses the magistrate judge's statement that Mr. Montalbano's total sentence is a "'Guidelines sentence,' which is entitled to a presumption of reasonableness." The magistrate judge cites *United States v. Ronquillo*, 508 F.3d 744, 750 n.6 (5th Cir. 2007) in support of its argument. However, this Court notes since the *Ronquillo* decision, the United States Supreme Court decided *United States v. Gall*, 128 S.Ct. 586 (2007). Pursuant to *Gall*, this Court stated at Montalbano's sentencing hearing:

> [A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. ***In doing so, he [the court] may not presume that the Guidelines range is reasonable.*** He [the court] must make an individualized assessment based on the facts presented. If he [the court] decides that an outside-Guidelines sentence is warranted, he [the court] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he [the court] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

*Gall* at 596-97 (emphasis added), *citing Rita v. U.S.*, 127 S.Ct. 2456 (2007). *See also Nelson v. United States*, 129 S.Ct. 890, 892 (2009) ("[o]ur cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable," and that "[t]he Guidelines are not only not mandatory on sentencing courts; they are also not to be *presumed* reasonable.")

---

[8] PSR at p.13.

(emphasis in original).

Consequently, in the instant case, this Court did not presume that the guidelines ranges in the instant case were reasonable, and any suggestion implied by the magistrate judge's Report that this Court did so is erroneous. Rather, this Court applied the §3553(a) factors in fashioning the defendant's sentence without regard to any presumed "reasonableness" of the guidelines range.

However, with regard to all other aspects of the magistrate judge's Report, this Court adopts and affirms the magistrate judge's recommendations. Specifically, this Court concludes Mr. Montalbano's argument that the sentencing range for the three counts of health care fraud *combined* in this case was six to twelve months, which the defendant argues was required to be imposed concurrently, as well as his argument that any sentences on each count should have been run concurrently, are erroneous. Rather, this Court concludes it was required to sentence the defendant on each count; the guidelines range for *each count* was six to twelve months; and because this Court concluded the "total punishment" for the three counts was thirty-six months, this Court properly sentenced the defendant to twelve months on each count, to run consecutively, without departing from the guidelines, and without the need, therefore, to provide advance notice to the defendant of such sentence.[9]

The Fifth Circuit has set forth the framework for evaluating whether sentences in multiple count indictments should be imposed concurrently or consecutively. In *United States v. Kings*, 981 F.2d 790, 797-98 (5th Cir. 1993), the Fifth Circuit stated:

Because Kings was convicted of multiple Guidelines counts under a single

---

[9] As the magistrate judge explained, this Court concluded the "total punishment" in this case was 36 months. Pursuant to USSG §5G1.2(d), because all three counts carry the same statutory maximum of 10 years and guidelines range of 12 months, the highest advisory guidelines sentence on any of the three counts was less than the total punishment of 36 months; therefore, this Court properly ran the 12-months sentences on each count consecutively.

indictment, the district court was required to determine the appropriate Guidelines sentencing range for Kings' convictions. This is referred to as "total punishment." *See* U.S.S.G. § 5G1.2, comment. A defendant's total punishment range under the Guidelines is determined from the Guidelines' Sentencing Table by correlating the appropriate criminal history category (discussed *supra* at Part I.C) with the defendant's combined offense level (discussed *supra* at note 11). Because Kings' criminal history category is VI and his combined offense level is 26, the recommended total punishment range for both of his Guidelines offenses is 120-150 months.

[ . . . ]

Moreover, to determine whether sentences for Guidelines offenses should run concurrently or consecutively, district courts must determine the statutory maximum sentence for the defendant's most serious offense. Specifically, section 5G1.2 provides that:

(c) If the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently, except to the extent otherwise required by law.

(d) If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce the combined sentence equal to the total punishment. In all other respects sentences on all counts shall run concurrently, except to the extent otherwise required by law.

Here, the magistrate judge noted the guidelines range in this case is six to twelve months per count, and the "total punishment" is the combined length of these sentences, or a total guidelines range of eighteen to thirty-six months.[10] In order to reach the total punishment of thirty-six months, this Court imposed three twelve-month sentences, to run consecutively. Thus, because this Court concludes Mr. Montalbano was sentenced to a guidelines sentence on each count, this Court concludes the sentence imposed was not an upward departure from the Guidelines requiring advance

---

[10] On page 15 of the magistrate judge's Report, the magistrate judge erroneously states ..."the 'total punishment' is the combined length of these sentences of a total guidelines range of <u>twelve</u> to thirty-six months." The sentence should properly read "the 'total punishment' is the combined length of these sentences of a total guidelines range of <u>eighteen</u> to thirty-six months."

notice under Rule 32(h).  Additionally, this Court concludes Mr. Montalbano's sentence was not too long, for the reasons noted in the record and reflected in the PSR.  For the foregoing reasons, this Court concludes Mr. Montalbano's sentence raises no substantial questions of law and suggests the appellate court will not likely vacate the sentence on appeal.  Considering the foregoing, this Court finds Mr. Montalbano is not entitled to bail pending appeal.

Therefore, IT IS ORDERED that Mr. Montalbano's "Motion for Bail Pending Appeal Pursuant to 18 U.S.C. §3143(b) and for Stay of Sentence to Pay Fine Pursuant to Fed. Rules of Cr. Proc. 38(C)" is GRANTED IN PART AND DENIED IN PART.  Specifically, Mr. Montalbano's motion to stay that portion of his sentence requiring him to pay a fine is GRANTED, subject to the condition that the amount of the fine ($115,229.24) be immediately deposited into the registry of the Court pending appeal, in accordance with Rule 38(c) of the Federal Rules of Criminal Procedure. All other requests for relief, including Mr. Montalbano's request for bail pending appeal, are DENIED.

THUS DONE AND SIGNED in Lafayette, Louisiana, this _____18_____ day of March 2011.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT
DATE 3-21-11
BY co
TO Clerk Financial
USPO